That the policy of Nationwide Mutual Insurance Company is primary and the bond of Pioneer Mutual Casualty Company is excess coverage. Costs of this declaratory judgment action to be segregated and assessed against defendant, Nationwide.

Finally it is the order of the court that the plaintiffs in each case draft the appropriate judgments in their respective tort actions conforming to the decision herein and submit them for approval and journalization.

RUSSELL ET AL. v. LUMBERMEN'S MORTGAGE CO. ET AL.

[Cite as Russell v. Lumbermen's Mtg. Co. (1966), 27 Ohio Misc. 171.]

(No. 108300—Decided April 19, 1966.)

Common Pleas Court of Stark County.

Mr. John L. Russell, for plaintiffs.

Messrs. Lucas, Prendergast, Albright & Warren and Mr. George M. Davidson, Jr., for defendant Lumbermen's Mortgage Company.

Messrs. Garber, Gutfeld & Jaffee, for defendants Brooklyn Savings Bank and Mortgage Securities, Inc.

GRAHAM, J. The plaintiffs executed a note to Lumbermen's Mortgage Company in the amount of $17,000.00 which bore interest at the rate of 5¼% per annum.

In making the loan the defendant retained a total of $1,105.00 for certain so-called charges. One of these charg-

es was in the amount of $935.00 which was referred to as a "discount." The other was in the amount of $170.00 and was designated an "origination fee." The plaintiffs, at the time of the transaction, agreed to the arrangement but now claims the charges were interest charges and that in computing the total amount of interest it follows that the defendant was guilty of usury.

The term "discount" refers to that step in a lending transaction where interest on a loan is taken in advance by deducting the amount therefor for the term of the loan, giving the borrower the face value of the obligation less the interest.

The defendant performed no special services to the plaintiffs that would warrant either the discount charge or the origination fee and they must be regarded as interest.

A court must disregard the form of the transaction and look to the substance in order to determine whether the transaction is usurious, despite any disguise it may wear.

Therefore, having determined that the $1,105.00 retained by Lumbermen's was interest, we next determine whether usury occurred.

A "discount" in transaction such as the one before us has already been mentioned, but repeating, it is the interest on a loan taken in advance by deducting the amount thereof for the term of the loan. We find no disclosure as to the term of the loan. If it was for but one year there would be usury. If it was for two years there was no usury and if for a longer period of time the interest rate would decrease.

If the origination fee of $170.00 is to be considered as a charge not running over the term of the loan, but confined to the year of the loan, there still would be no usury.

Since there remains undisclosed the term of the loan—whether it was for one year or longer—we are unable to definitely determine whether there was usury.

The motion for summary judgment will be overruled.

*Motion overruled.*